The next case, number 22-1616, Diana Avdeeva v. Shanita Tucker et al. At this time, would counsel for the appellant please introduce himself on the record to begin? Good morning. May it please the court, my name is Greg Romanofsky. I represent the petitioner in this case, Diana Avdeeva. If I may, I would like to reserve three minutes for rebuttal. Thank you, Your Honor. It is undisputed that my client was eligible for citizenship when she applied for it in 2019. It is undisputed that the government decided not to act on her citizenship application and to deport her instead. It is clear that if she had not filed the two lawsuits in the district court, she would have been in removal proceedings right now if not already deported. It is undisputed that after the filing of the two lawsuits, the government stopped the deportation process, reopened and approved Ms. Avdeeva's application and made her a United States citizen, having exactly the same record before it. This case is precisely why we have the Equal Access to Justice Act, to make the government remedy the wrong, at least in part, by making, by reimbursing the plaintiff for her litigation. Let me just jump to the Avanoff aspect of this, because obviously what you're describing, you don't intend to be describing the catalyst theory, but everything you just said accords with a catalyst theory, which I know you're not relying on. I'm not. So what supports the conclusion that this has the judicial imprimatur that's required given what we said in Avanoff about it having to be the functional equivalent of a consent decree? Well, Your Honor, this case is very different from the Aronoff case, because in this particular instance, there was a settlement agreement incorporated into the joint remand order, and when the court granted the remand order, the district court granted remand based on the terms of the settlement agreement. I do remember, I actually argued the Aronoff case, and I do remember the heavy emphasis that the Embankment Court placed on the fact that the district court order was a one-line sentence saying, the case is remanded back to you. I guess there's the language in Aronoff about being the functional equivalent of a consent decree, and there's language in there talking about it being an injunction, which this is not. Or are you saying it is? I guess that's what I'm having trouble with. What would be the consequence of a breach here? Wouldn't it just be that the settlement would be ended? If the government had not complied with the terms of the settlement agreement, the parties would have been back before the court. Right. So that's different than your typical consent decree, where you're consenting to ongoing enforcement of a certain obligation, as opposed to just going back. That's the difficulty. So if you could just address that. That is correct, Your Honor. Because there's a worry that if we were to adopt your view, the very types of things that Aronoff is describing it's concerned about would effectively be back in place. Yes, Your Honor. But the Aronoff court was concerned about granting fees in situations where there's an out-of-court settlement and the court merely is aware of the settlement and grants remand. First of all, I would like to emphasize the fact that it was not possible for the government to naturalize my client without that remand order. So the remand order was an essential part of it. I think conceding that under Aronoff, that's irrelevant, because that would be equally true in the case of the out-of-court settlement, where it wasn't memorialized in the decree. I am conceding that, Your Honor. But somehow it's got to be that the mere fact that it's referenced in the order, the settlement agreement, and that the court says it's going to continue to have jurisdiction over the I assume just means if the settlement blows up, it comes back, that those two features make it the equivalent functionally of a consent decree in the way Aronoff meant. That's what I'm trying to figure out. Why is that so? It doesn't have a lot of the features that Aronoff identified. I'm not saying that's dispositive, but Aronoff talked about it having an injunctive quality. You could be in contempt if you didn't follow it, none of which is true in this circumstance. The court did say that it retained jurisdiction over the matter, and certainly this agreement could have been enforced. So there was judicial oversight, and there was judicial impremature. Certainly within the meeting of Buchanan, first of all, there was a material alteration of the legal relationship between the parties, and second, there was judicial oversight. The material alteration of the relationship, is that because there's now a contract where there wasn't one before, the settlement being the contract, or are you arguing something else? I'm arguing something else, Judge Howard. I'm arguing that the material alteration of the relationship between the parties was the change in her immigration status. She was being deported, and after the settlement agreement, she was pronounced a U.S. citizen. So this wasn't equally true in a private settlement agreement case? Yes, Your Honor. The key fact is something independent of those things that would be true in a private settlement case given Aronoff. And so what you've identified is the fact that the order of remand references the settlement agreement, and that the court said it would retain jurisdiction. Those are the only two. I'm not saying that's too little. I'm just saying those are the only two things that distinguish it from Aronoff. Well, Aronoff also interpreted Buchanan to require that there be some appraisal of the merits of the case, and there certainly was appraisal of the merits of the case in this case. It was fully briefed. There was a hearing. The judge certainly looked into the merits of the case. But in order to do what the district court did here, unlike in a consent decree case, there was no need for it to evaluate the fairness of the terms or anything like that, correct? In order for this to be a functional equivalent of a consent decree, Your Honor, the court must have evaluated the terms of the— That's not what I asked. Sorry. I apologize. Let me repeat. In Aronoff, we noted that in the consent decree setting, the judge has to evaluate the kind of almost like an equity-type assessment of what is being consented to. Yes. Was there any requirement for the district court to do that here in order to issue the order that it entered? Absolutely. Not only was it required, the court specifically stated that it did. It specifically stated that it evaluated the fairness of the settlement agreement that was incorporated in the order of remit. This is why it was so different from the Aronoff set of facts. If I may address the special circumstances exception, Your Honor. So the government's main argument here is that there's this special circumstance that would make an award of fees, in this case unjust. The existing case law on this suggests that the special circumstances exception should be narrowly construed. In fact, it was designed in order to give the government some flexibility in advancing novel legal arguments. I'm not aware of any federal court case where the court found special circumstances similar to the special circumstances in this case. The government says that there was some sort of a quid pro quo where my client would give up her right to seek attorney's fees under the Equal Access to Justice Act, and in return the government would make her a citizen. We respectfully suggest that there was no quid pro quo. My client did not waive any right to seek attorney's fees under the Equal Access to Justice Act, and I suggest that... It's because of the word dismissed, it's because of the word pending, and it's also because such a quid pro quo simply could not exist, because otherwise you could not imagine that the government would be selling citizenship to my client by offering to give her a citizen in exchange for a waiver of the fees. The waiver said we release all claims. Is your position that would not include each of the claims? I would say that this release would be against public policy, but our main argument, Your Honor, is that there was no release. My client never... Is that because of the word pending? Yes, and because of the word dismiss. How does dismissed help you? Because dismiss is when something is pending, you dismiss it. The combination of the two together. Exactly, because as Your Honor is aware, we could not have brought the EJ claim until after the conclusion of the district court proceedings. So yes, we did mention attorney's fees under the Equal Access to Justice Act in the prayer for relief section of the complaint, which is common, but it was not in the causes of and it could not have been a claim. My client did not have a legal right to seek attorney's fees under the Equal Access to Justice Act until the decision of the district court became final. So whatever it was, it was certainly not a... It was not a pending claim that my client could have dismissed as part of the settlement agreement. And certainly, again, even if my client had agreed to do that, this would not be a proper contractual arrangement when the government is offering citizenship in exchange for waiver of the fees. I am happy to answer any other questions that the court has. Thank you. Judge Howard, did you have a... No. Okay, thank you.  Thank you, counsel. If counsel for the appellees would introduce himself on the record to begin. Thank you. Chief Judge Barron, your honors, Wheelie appearing on behalf of the federal defendants. May it please the court, this court should affirm the district court's decision to deny plaintiff's EJF fees for three reasons. First, the settlement unambiguously precludes plaintiff's EJF claim. Second, plaintiff otherwise have waived her right to EJF fees. And third, public policy favors denying EJF fees in this case. And first and foremost, addressing the party settlement agreement, the district court properly upheld that agreement, which in its plain text, plaintiff would voluntary dismiss all pending claims upon the government's satisfaction of that agreement. Those three words, all pending claims, settle any dispute whether plaintiff's EJF claims were included in that agreement. Addressing all, the district court properly interpret the broad meanings of that word. Addressing pending, which Chief Judge Barron had inquired about, is equally as clear given that courts have defined claims as relief that's listed in a civil complaint. And to put more context to this specific circumstances, the agreement mentioned all pending claims and then also had a follow-on remark about the Federal Courts Claim Act, which plaintiffs had potentially brought, filled out the form to do it, but it wasn't listed in the civil complaint. So, just on the face of the settlement agreement alone, the fact that that had to be explicitly mentioned seems to imply that it wasn't a pending claim because it wasn't listed on that complaint. So, the word pending here, in its plain meanings, does include EJF fees given that it was listed in the complaint. But isn't the EJF fee request different than the other claims? Because that can only be brought once there is a finding in favor of the petitioner, which isn't true typically. That's correct, Your Honor. So, doesn't the pending create some ambiguity as to whether that particular aspect of the relief was meant to be included within the phrase pending claims? Well, Your Honor, in normal circumstances… In other words, what's pending… On your view, it's as if pending isn't even there. It's just claims. Unless you're saying claims exclude… Pending excludes the FCTA claim, but not the EJF claim? Is that the idea? No, no. Excuse me, Your Honor. Let me clarify the FTCA claim, first and foremost. What the context of the FTCA wasn't, the fact that it wasn't mentioned in the complaint, you know, the government's position at all times was to end all litigation involving this plaintiff. Do you know whether the FCTA claim is or isn't included within that? Well, based on the language of the contract, it would not have been, but for explicitly including that caveat in the settlement agreement. The settlement agreement specifically says the FCTA claim is being released? Correct, Your Honor. And your point is that's no more a pending claim than the EJF claim. Is that the idea? Well, it wasn't listed in the complaint, Your Honor, right? So how courts have interpreted of what a pending claim means… I'm just trying to understand what the government's point is. Is the idea that if the FCTA claim is released, then it must be inevitably that the EJF claim is also, because if anything, the FCTA claim is less pending than the EJF claim. Is that the idea? Yes, Your Honor. If that's… Yes, in terms of on the face of the complaint or in the settlement agreement, rather. Yeah. And courts have defined what claims means in a similar analysis in terms of the third word claims as remedies listed in a civil complaint here. So to the extent that there are, indeed, two separate analysis in a normal sense for EJF consideration here, we wouldn't get there because as the district court properly held the settlement agreement excluded EJF together. So for that reason, because plaintiffs stipulated to dismiss all pending claims as part of the settlement, we honored that and did not abuse its discretion in the plain language. And the government also… Counsel, was there anything in the prayer for relief beyond the request for EJF fees that the government would view as not a claim that might still be live? It's not a trick question. Just do you remember anything? Reasonable costs, I believe, was included, but the fact that it was all dismissed once the parties entered into a settlement, the government's position is that those issues were no longer a live controversy. So no. Thanks. Yes, Your Honor. And similarly, that's why the government's position is otherwise that the plaintiff, if they want to continue to…if she wanted to continue seeking EJF fees after the settlement, she should…it was on her to preserve such a right in the settlement agreement. This court has held and this court has held that it's on the…when entering a settlement agreement, it's on the party who wants to preserve any such right to carve out that exception. That's the idea, I think, behind the notion of pending, that that's the carve-out. Not necessarily, Your Honor, if we're looking at the plain language of the word pending, but then, again, it was already… What's the plain language of the word pending that helps the government? I'm not following that. Because, of course, the plaintiff had listed that as a relief in her complaint. So it was a disputed issue. It was a live controversy and there was no special carve-out for any subsequent seeking of the fees after the settlement. And like, for instance, in Houston, San Antonio, a case which the government cited, there were the parties entered into an agreement and created two separate carve-outs for whether there was, I guess, it was the right to appeal and some sort of liability analysis. And then, in the meantime, there was intervening case law that came in and the parties attempted to litigate that issue in terms of what they meant in their settlement agreement. And then the court held, looking at the plain language, again, saying that there was no specific carve-out and it wasn't. And the moving party who tried to seek enforcement or tried to, I think it was a Rule 60D motion, couldn't do so because there wasn't a special carve-out for intervening case law. Here, again, plaintiff didn't make that carve-out. So that would address the government's second point on the issue. And third, in regards to public policy, the government would disagree with the plaintiff's notion that this would be in favor of public policy. Rather, it would be contrary to public policy to enforce EJP's here, especially knowing that the government, the EJP's were brought back into the fold only after the government had satisfied its obligations under the agreement. And then plaintiff received the benefit of the bargain, at which point the government had no leverage whatsoever because they've already completed everything that was included in the settlement agreement. And quite frankly, this could potentially put some sort of chilling effect or make the government adverse for... Could you just address Aronoff? I mean... Yeah, sure. Sure. Yeah. Sure. Well, going beyond the settlement agreement, even if it wasn't an exclusionary matter, then the plaintiff still would not be able to collect EJP because, frankly, the plaintiff cannot demonstrate that she's a prevailing party. There was a lot of discussions about the consent decree. The Aronoff case provided three factors that the government believes will favor denying EJP's, including change of relationship, some sort of merits evaluation, and some sort of judicial oversight. But addressing the change of relationship, it's undisputed that the government entered into the settlement agreement voluntarily before the remand motion, before the judge's remand order. It was months of going back and forth before voluntarily entering this agreement, not by some sort of preliminary injunction. Isn't it true, or does this not matter, that until the remand occurred, the government could not do anything to favor the immigrant? Isn't that right, or is that wrong? If I understand the court's question correctly, it's whether they can act on the naturalization application. So in the First Circuit, as I understand it, it's still unaddressed. The government's position was that the government could have went forward with the naturalization. However, essentially in best practice, in the abundance of caution, the government seeks to remand, so there isn't any impropriety. Does that count as a change in the legal relation? No, Your Honor. Because isn't legally she able to get the naturalization because of the remand? No, not necessarily, Your Honor. That would be more consistent with the catalyst theory at this point, where we're filing a 1447B complaint would essentially... No, because the straight catalyst would just be, you file a complaint, government takes action, wouldn't have taken it if you didn't file it. This is, the legal relationship is altered by virtue of the remand order. In other words, absent the... Or is that just wrong because she's the one who initiated it being before the court to begin with? No, Your Honor. I believe where the turning point is when the government entered into a voluntary settlement. It's not the remand order essentially just sending it back to what the government had already agreed to do, which the case law is pretty sound in terms of what it means for the government to change position and it kind of overlaps with the judicial oversight and the merits analysis. So, I guess perhaps if the government could provide more context into the merits evaluation and as well as judicial oversight, it might have some clarity on these factors because the plaintiff had mentioned, which is true, the district court said she did evaluate the merits. However, that was after the fact, after the remand order. The remand order was a couple of lines sending it back in accordance with the party settlement agreement and after the fact evaluation is... The district court said probably wouldn't be enough anyway. So here, there was a motion to dismiss pending. That was based on a 12B6 and 12B1. There was no... The parties hadn't engaged in discovery or rather the certified record at that point. And then... So, it would be really logically wouldn't make a lot of sense given that the evidence hadn't been submitted or what have you about either a naturalization or the adjustment applications. So, any evaluation is based on the 12, essentially the 12B1 or 12B6 motions. And then, again, the remand order itself doesn't address the merits issue. RNOF provides a lot of context in this situation where they've discussed... Where the court discussed preliminary injunctions, reversed verdicts, and in other circumstances that actually requires some appraisal of the merits. Here, the motion dismissed wasn't even ruled on and it was 12B and 12B6 anyway. And in terms of addressing the judicial oversight matter, as plaintiff's counsel had agreed, if there were some sort of reason that the settlement could not be enforced for whatever the civic test and what have you, then the motion dismissed were still pending at that moment. The court had referenced that it retained ability to enforce the settlement. However, that was not explicit in either the settlement agreement or her remand order, which is required under RNOF as this court has found. And beyond that, the government would highly doubt that the court would be able to enforce any settlement action thereafter, given the case law around this issue. More likely than not, the case would just have proceeded and picked up at the motion to dismiss level. And for those reasons, the government submits and maintains that all three factors laid out in RNOF favors denying Egypt is here because the plaintiff cannot establish that she is a prevailing party. And otherwise, the government will rest on its briefs and the record, unless Your Honor had any other questions. One question, counsel. It's just a yes or no question. Were the parties affirmatively given the opportunity to participate in our camp mediation process about this appeal? I don't believe so, Your Honor, but I was away on military leave, so it could have happened, but I don't recall. That's all right. I'll ask your brother. Thank you, Your Honor. Thank you, counsel. At this time, would counsel for the appellant reintroduce himself on the record? He has a three-minute rebuttal. Thank you. To answer Judge Howard's question, there was a mediation session at the beginning of the case. Unfortunately, no resolution was reached at the time. As to this case, as to the EJ issue? As to the EJ issue, yes. Chief Judge Barron, you asked a question about the specific language in the settlement agreement related to the FTCA claim, and I believe that the specific language in the settlement agreement further supports our reading of the word pending, which should mean pending at the time. The settlement agreement said that plaintiff, and I quote, will voluntarily dismiss all pending claims and withdraw her claim for damages under FTCA. The reason why it said withdraw as opposed to dismiss is because at that point, there was an administrative claim under the FTCA pending with the agency, not before the court. This is why we used the language that we did in the settlement agreement. Just if I'm following it, the language is you'll dismiss all pending claims and withdraw the FTCA claim. Correct. The idea is if the EJ claim was going to be out, it should have said withdraw the EJ claim. Exactly, Your Honor. Yes. Just to go back to Aaron off for a little bit, the decision Let me just ask before you go. Sure. There's this email exchange that the government notes between you and I guess the government attorney in which you say, by all pending claims, I meant all pending actions. And I'm pretty sure this is how the court will read it too. So the distinction you draw in that email is between claims and actions, not between dismiss and withdraw, and not pending, non-pending? Yes. So what's happened that this is how it seemed to be understood at the time, and now it seems to be understood differently? Yes. And in retrospect, Your Honor, we should have used the word actions. And maybe this entire litigation would not have been necessary. But this is exactly what we meant. Whatever was outstanding at the time, the remand order takes up. So your take is this email is consistent with the language of dismiss and withdraw. Exactly. Because it's shorthand. Everything you were talking about was an action. That would include. But then the I see. And then the with. And withdrawing the FTCA claim. When you say pending actions. Exactly. The only other action was the FTCA one. Yes. But then that suggests pending does apply to it. That's where I'm puzzled. You see. I'm sorry. Can you repeat the last question? As you say, actions rather than action. Right. The only other action besides the pending one was the FTCA one. May I answer? And yet the word pending seems to be applied to the FTCA one. That's what is seems a little bit intention with the argument you're now making. I don't know if any of this matters because it's extrinsic. But nonetheless. May I answer that question? Your Honor. So at that moment, we were assuming that the 1447B case would be closed. But we were not sure what whether the court will keep jurisdiction and keep the case open or terminated as it did. And this is why we used the word actions claims. I apologize and not claim. You were about to make a point on Aronoff before I asked you about this. Those of you who just finished. Yes. Very, very quickly. Your Honor. The couple of quotes from Aronoff emphasize the difference between the Aronoff fact pattern and this fact pattern. So Aronoff quoted Buchanan. Private settlements do not entail the judicial approval and oversight involved in consent decrees. Also, another quote from Aronoff. Mere involvement by the court in the settlement is not enough. There must be some judicial approval of the settlement. So in this case, there was a settlement. There was an approval. The court confirmed that it evaluated the fairness of the agreement. So we respectfully suggest that it was a functional equivalent of a consent decree. Thank you. Thank you, counsel. That concludes argument in this case.